UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ERIC WILLIS | : | DOCKET NO. 2:05-cv-829 |
| | | Section P |
| VS. | : | JUDGE MINALDI |
| BURL CAIN, WARDEN | : | MAGISTRATE JUDGE WILSON |

**O R D E R**

Currently before the court is a "Motion to Hold In Abeyance" [doc. 5] filed by *pro se* petitioner, Eric Willis. By this motion, the petitioner seeks to have this court stay his petition for writ of *habeas corpus* while he pursues relief in the state courts. In support of this motion, he states that "[s]ince the filing of the same, a new issue has arisen. Petitioner has reviewed the Crawford v. Washington, 124 S.Ct. 1354 (2004) standard of a new interpretation of the Confrontation Clause (hearsay issues) and has found that it applies to his case."

In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that district courts have the discretion to stay, rather than dismiss, mixed *habeas* petitions containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

A review of the petition filed in this court reveals that petitioner has not raised a claim regarding hearsay testimony in his federal *habeas* petition. Nevertheless, even if this court were to allow petitioner to amend his current federal petition to include a claim under *Crawford v.*

*Washington, supra,* Petitioner would not be entitled to the relief he seeks. La.C.Cr.kP. art. 930.8 procedurally bars consideration of this claim by the state court. Thus, this claim would be considered technically exhausted, and the issue here would be one of procedural default.[1] *Gray v. Netherland,* 116 S.Ct. 2074, 2080 (1996); *Coleman v. Thompson*, 111 S.Ct. 2546, 2555 (1986); Magouirk v. Phillips, 144 F.3d 348, 355 (5th Cir. 1998).

> Louisiana Code of Criminal Procedure article 930.8(A) provides that
>
> No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
> . . . .
> (2)  The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling. . . . .

Because petitioner's conviction and sentence have been final for more than 2 years, he must demonstrate that *Crawford* establishes a new rule of constitutional law that is retroactively applicable to his case on collateral review <u>and</u> that he filed a petition in state court raising a *Crawford* claim within one year of that decision.

Notwithstanding petitioner's failure to present any argument with respect to the first portion of his burden under art. 930.8(A)(2)[2], it is clear that petitioner cannot satisfy the timeliness provision

---

[1] [T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland, supra. See also Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1811 (1998) (La.C.Cr.P. art. 930.8 is an independent and adequate state rule.).

[2] With respect to petitioner's burden to demonstrate that *Crawford* established a new rule of constitutional law that is retroactively applicable to his case on collateral review, the court finds it unlikely that petitioner could sustain this burden. Although the Fifth Circuit has not yet decided whether *Crawford* may be applied retroactively to cases on collateral review, every other circuit court of appeals which has done so, with the exception of the 9th

2

of art. 930.8(A)(2). He did not file a petition in state court raising the *Crawford* issue within one year of the Supreme Court's March 8, 2004 decision in *Crawford*. Additionally, the court notes that petitioner's first motion to stay his federal court proceeding so that he could present a *Crawford* claim to the state courts was filed August 5, 2005, approximately 5 months beyond the one year limitation period.

Because petitioner's *Crawford* claim is technically exhausted, this court finds that petitioner would not be entitled to a stay of his proceedings in federal court even if he were allowed to amend to add that claim. .

Accordingly,

IT IS ORDERED that the motion is DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of March, 2006.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

Circuit, has found that *Crawford* is not retroactively applicable to cases on collateral review because it did not establish "a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *See Lave v. Dretke*, 416 F.3d 372, 378 (5th Cir. 2005)(citations omitted); *Mungo v. Duncan,* 393 F.3d 327, 336 (2nd Cir.2004); *Dorchy v. Jones,* 398 F.3d 783, 788 (6th Cir. 2005); *Murillo v. Frank,* 402 F.3d 786, 790 (7th Cir. 2005); *Bintz v. Bertrand,* 403 F.3d 859, 867 (7th Cir. 2005); *Brown v. Uphoff,* 381 F.3d 1219, 1227 (10th Cir.2004); *In re Rutherford* 437 F.3d 1125, 1128 (11th Cir. 2006); *see also Evans v. Luebbers,* 371 F.3d 438, 444-45 (8th Cir.2004) (strongly suggesting that *Crawford* does not apply retroactively). *McGonagle v. U.S.* 137 Fed.Appx. 373, 380 (1st Cir. 2005) ("It is doubtful that Crawford applies retroactively to cases on collateral review"); but see *Bockting v. Bayer,* 399 F.3d 1010, 1012-13 (9th Cir.2005); *Bockting v. Bayer* 418 F.3d 1055, 1060 (9th Cir. 2005)(dissent from 9th Circuit's denial to grant rehearing *en banc*).

3