# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **ERIC WILLIS (La. Doc. No. 212251)** | **CIVIL ACTION NO. 05-0829-LC** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDING

Before the court is the petition for writ of habeas corpus (28 U.S.C. §2254) filed on May 12, 2005 by pro se petitioner Eric Willis. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana where he is serving sentences of life and ten years following his 1998 convictions for second degree murder and possession of a firearm by a convicted felon in the Thirty-third Judicial District Court, Allen Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition [Doc. 1-1], its accompanying memorandum [Doc. 1-3], and exhibits [Doc. 1-4, Doc. 1-5, and Doc. 7], along with the presumptively reliable published jurisprudence of the State of Louisiana establish the following chronology of events:

1. On February 18, 1997, petitioner was indicted by the Allen Parish Grand Jury on a charge of second degree murder and possession of a firearm by a convicted felon. [Doc. 1-3 p. 6; Doc. 1-4, p. 26] Petitioner was found guilty as charged on February 13, 1998. On February 19,

1998 he was sentenced to consecutive sentences of life and ten years. [Doc. 1-1, p. 1; Doc. 7, p. 100][1]

2. Petitioner appealed his conviction to the Third Circuit Court of Appeals, and, on March 31, 1999, his conviction was affirmed in an unpublished opinion. *State v. Eric Willis*, 1998-01450 (La. App. 3d Cir. 3/31/99), 737 So.2d 976 (unpublished.).[2] On April 13, 1999, petitioner's court appointed appellate counsel filed a Motion for Rehearing which alleged two Assignments of Error: "The Louisiana Third Circuit Court of Appeal committed manifest error insofar as it failed to recognize the level of intoxication of Eric Willis, which intoxication precludes any intent to commit the crime of second degree murder..." and, "This Honorable Court committed manifest error insofar as it failed to reverse the above captioned conviction based upon the admitted hearsay violation and inappropriate argument in clear violation of the recent Louisiana Supreme Court decision in State v. Cousin, 710 So.2d 1065." [Doc. 7, pp. 2-5]

3. On some unspecified date petitioner sought further direct review in the Louisiana Supreme Court. His writ application was denied on September 24, 1999. *State v. Eric Willis*, 99-1079 (La. 9/24/99), 747 So.2d 1119.[3]

4. On December 30, 1999 petitioner filed a *pro se* Application for Post-Conviction Relief in the Thirty-third Judicial District Court. [Doc. 7, pp.30-102] Petitioner argued the following

---

[1] The documents tendered by petitioner in response to the July 12, 2005 Memorandum Order were not sequentially numbered. For the sake of clarity, the undersigned has numbered each page sequentially and will refer to that sequential numbering system in this Report.

[2] Despite a specific order to do so [Doc. 2, p. 7], petitioner has not provided a copy of his appeal brief or the unpublished opinion of the Third Circuit Court of Appeals; petitioner has not otherwise stated the Assignments of Error argued on appeal.

[3] Despite a specific order to do so [Doc. 2, p. 7], petitioner has not provided a copy of his writ application to the Louisiana Supreme Court.

claims:

> Claim 1 –  "Petitioner contends that the indictment is facially defective for[] it charges two offenses in which the same evidence was used in order to obtain a conviction." (Petitioner in essence argued that the "misjoinder" of the offenses of second degree murder and possession of a firearm by a convicted felon amounted to double jeopardy.) [Doc. 7, p. 45]
>
> Claim 2 –  "Petitioner contends that the methods in which judges in the Parish of Allen used to select Grand Jury forepersons were unconstitutional; also judicial officials of Allen Parish did commit errors by discriminatorily excluding minorities as grand jury forepersons." [Doc. 7, p. 47]
>
> Claim 3 –  "Petitioner contends that because of the lack of criteria and guidelines of La. C.Cr.P. art. 413(B), Judges in the Parish of Allen engaged in the systematic exclusion of minorities as Grand Jury forepersons." [Doc. 7, p. 49]
>
> Claim 4 –  "Petitioner contends that due to his mental disability he was prohibited from functioning on the level as a sane person of average intelligence [sic]. As a result of said condition he was further prohibited from assisting in his defense." [Doc. 7, p. 52]
>
> Claim 5 –  "Petitioner contends that the imposed sentences constitutes cruel and unusual punishment." [Doc. 7, p. 55]
>
> Claim 6 –  "Petitioner contends that he was denied effective assistance of counsel to aid him in his defense." [Doc. 7, p. 57] Petitioner argued the following errors of counsel: (a) failure to file motion to quash the indictment based upon double jeopardy; (b) failure to file motion to quash grand jury selection process; (c) failure to investigate petitioner's mental condition and to raise the defense of not guilty by reason of insanity or the defense of intoxication. [*id.*, pp. 58- 59]

5. On December 8 and 18, 2003, evidentiary hearings on petitioner's application for post-conviction relief were convened. [Doc. , 1-4, pp. 7-11; Doc. 1-4, pp. 13-25; Doc. 7, pp. 103-120][4]

---

[4] According to the partial transcript of the December 8, 2003 evidentiary hearing, petitioner's wife testified that petitioner suffered from mental health problems and that she had provided petitioner's mental health records to petitioner's trial counsel in advance of trial. [Doc. 1-4, pp. 7-11] According to the transcript of the December 18, 2003 hearing, petitioner's court appointed trial counsel, John E. Demoruelle testified concerning his failure to file a motion to quash based on the grand jury selection process. He also testified concerning his failure to file a motion to sever the firearms charge from the murder charge. He also testified that he was unaware of any sanity defense that

6. On March 8, 2004, a Judge of the Thirty-third Judicial District Court authored an Opinion of the Court on Application for Post-Conviction Relief. According to that document, the Application for Post-Conviction Relief in question addressed only two issues: (1) Double Jeopardy (petitioner apparently claimed that his indictment and trial on charges of both second degree murder and possession of a firearm by a convicted felon constituted double jeopardy) and (2) equal protection and due process claims arising from the allegedly discriminatory manner in which the grand jury foreperson was selected. The trial court, relying on *Deloch v. Whitley*, 684 So.2d 349 (1996), denied petitioner's grand jury claims on procedural grounds, having found that petitioner failed to preserve the error by the timely filing of a motion to quash. The court denied the double jeopardy claim based on the "same evidence" test enunciated by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932). [Doc. 7, pp. 26-28]

7. On April 8, 2004 petitioner filed a *pro se* application for writs in the Third Circuit Court of Appeals. [Doc. 7, pp. 18-25]. Petitioner adopted all claims raised in the Application for Post-Conviction Relief in the trial court. He also argued that the joinder of the felon in possession of a firearm charge prejudiced him because it allowed the State to introduce evidence of his prior conviction. He also argued that the District Court was without authority to raise a procedural default as a bar to his Grand Jury claims since the procedural bar was in the nature of an affirmative defense. [*id.*]

On April 30, 2004 the Third Circuit denied writs. The court ruled that petitioner's excessive sentence claim could not be reviewed in an application for post-conviction relief and cited the Louisiana Supreme Court's opinion in *State ex rel. Melinie v. State*, 93-1380 (La.

---

could have been advanced at trial.

1/12/96), 665 So.2d 1172 as authority. Petitioner's remaining claims were denied without prejudice because petitioner failed to comply with the Uniform Rules– Courts of Appeal, Rule 4 and La. Code Crim.P. art. 912.1. The court noted that petitioner's application did not contain a certificate showing service of the application on the trial judge; that it did not contain a copy of the court minutes, motions, or pleadings in support of petitioner's claims; or any evidence in support of his grand jury claim; or a copy of the indictment or trial transcript. See *State of Louisiana v. Eric Willis*, No. KH 04-00471 (La. App. 3d Cir. 4/30/2004). [Doc. 7, p. 17]

8. On some unspecified date petitioner then sought review in the Louisiana Supreme Court.[5] His application for writs was denied on April 22, 2005. See *State ex rel. Eric Willis v. State of Louisiana*, 2004-1396 (La. 4/22/2005), 899 So.2d 567.

9. Petitioner's federal *habeas corpus* petition was dated May 9, 2005 and received and filed on May 12. Petitioner argues six claims for relief, paraphrased as follows, (1) prosecution for murder and possession of a firearm by a convicted felon constituted double jeopardy; (2) the selection process employed to select the foreperson of his grand jury violated petitioner's right to equal protection; (3) the court systematically excluded African-Americans as grand jury forepersons; (4) his rights were violated when he was tried without benefit of a competency determination; (5) the sentence imposed constituted cruel and unusual punishment; (6) denial of effective assistance of counsel in the following respects, (a) failed to timely file a motion to quash based upon the discriminatory manner in which the foreperson of the grand jury was selected; (b) failed to quash or seek severance of the firearms charge from the murder charge; (c) failed to raise the defense of insanity; (d) failed to investigate.

---

[5] Despite a specific order to do so, petitioner has not provided a **dated** copy of the writ application.

## LAW AND ANALYSIS

**I.        The Procedural Default Doctrine**

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S. Ct. 2590, 112 L.Ed.2d 394 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargettt*, 61 F.3d 410, 416 (5th Cir. 1996). A petitioner can rebut this presumption by establishing that the procedural rule is not strictly or regularly followed. *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996). The burden in on the petitioner to show that a state did not strictly and regularly follow the procedural bar at the time pertinent to his state court action. *Stokes v. Anderson*, 123 F.3d 840, 843 (5th Cir. 1999); *Amos v. Scott*, 61 F.3d 333, 342, (5th Cir. 1995); *Sones*, 61 F.3d at 416. In bearing the burden, the petitioner must demonstrate that the state failed to apply the procedural bar to claims which are identical or similar to the claims raised by him. *Stokes*, 123 F.3d at 860; *Amos*, 61 F.3d at 340.

**A. Petitioner's Claims**

    **1. The Grand Jury Claims [Claims 2 and 3]**

The district court dismissed petitioner's claims concerning the selection of the grand jury foreperson citing, *Deloch v. Whitley*, 96-1901 (La. 11/22/96), 684 So.2d 389 and stating as follows:

> Claims asserting a violation of an individuals [sic] equal protection rights in the selection or composition of grand juries in Louisiana are subject to the state's procedural requirements. Procedurally, a motion to quash is a prerequisite to challenge the selection of a grand jury foreperson. A challenge to the grand jury indictment, including one based on racial discrimination in the selection of a grand jury foreperson, must be raised pretrial in a motion to quash or it is waived ... A review of the record reveals that no such motion to quash was filed in the case. Thus, the petitioner's failure to raise the issue pre-trial effectively waives his right to any challenge relating to his indictment and the constitutionality of Article 413(B) of the Louisiana Code of Criminal Procedure or the courts [sic] selection of the grand jury foreperson.
> [Doc. 7, p. 28]

Under Louisiana law, a challenge to the legality of the grand jury venire must be made by a pretrial motion to quash. La.C.Cr.P. art. 533 provides (in relevant part): "A motion to quash an indictment by a grand jury may also be based on one or more of the following grounds: (1) The manner of selection of the general venire, the grand jury venire, or the grand jury was illegal." Art. 521 provides (in relevant part): "Pretrial motions shall be made or filed within fifteen days after arraignment [unless other provisions of law or the court allows otherwise for good cause]." Art. 535 provides (in relevant part): "A motion to quash on grounds other than those stated in Paragraphs A and B of this Article [which do not include challenges to the grand jury] shall be filed in accordance with Article 521... The grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions."

The United States Fifth Circuit Court of Appeals has recognized that a state court's dismissal of a post-conviction claim based upon the above cited statutes provides an "adequate and independent" state law ground prohibiting federal *habeas* review unless the federal *habeas* petitioner demonstrates both cause for the procedural default and actual prejudice resulting from the violation of federal law. *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997) *cert. denied*, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998).[6]

Although it appears as if the district court was the only court to apply this procedural bar, it is equally clear that neither the Third Circuit nor the Louisiana Supreme Court reached the merits of the constitutional claim.[7] When the last reasoned decision on the claim explicitly relied upon a state procedural default, federal courts must presume that later decisions rejecting the claim "did not silently disregard that bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

Because petitioner's grand jury claims were rejected on state procedural grounds, these claims are procedurally defaulted and barred from federal *habeas* review.

### 2. Sentencing Claim [Claim 5]

The Third Circuit specifically refused to consider petitioner's excessive sentence claim, stating that "Relator's claim regarding his sentence is precluded from review. State ex rel.

---

[6] "It is undisputed that Williams never filed a pretrial motion to quash, let alone a timely motion. Williams raised his claim based on the selection of the grand jury foreman for the first time during his state post-conviction proceedings. Therefore, under Louisiana law his claim is procedurally barred. *Deloch v. Whitley*, 684 So.2d 349, 350 (La.1996) (holding equal protection claim based upon discriminatory selection of grand jury foreman procedurally barred by defendant's failure to file a pretrial motion to quash)." *Williams v. Cain*, 125 F.3d 269 at 275, *cert*. denied, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998).

[7] Indeed, as is shown hereinafter, the Third Circuit refused to consider the merits of the grand jury claims but based their refusal on another procedural default – petitioner's failure to comply with the provisions of Uniform Rule 4.

Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172." [*State v. Willis*, No. KH 04-00471 (La. App. 3d Cir. 4/30/2004). See Doc. 7, p. 17].

In *Melinie, supra*, the Louisiana Supreme Court, relying on La.C.Cr.P. art. 930.3, ruled that claims of an excessive sentence or other sentencing errors which should be raised on direct appeal cannot be raised in state post-conviction proceedings. Since the decision in *Melinie,* Louisiana courts have regularly invoked the statutory procedural bar and the *Melinie* decision to bar review of claims not cognizable under LSA C.Cr.P. art. 930.3.

Because petitioner's sentencing claim was rejected on state procedural grounds, this claim is procedurally defaulted and barred from federal *habeas* review.

### 3. The Remaining Claims

Finally, the Third Circuit declined to review all of the remaining claims asserted based upon petitioner's failure to comply with Uniform Rules – Courts of Appeal, Rule 4,[8] and LSA

---

[8] Uniform Rule 4-1 provides: "An application for writs of any kind, and all documents and exhibits in connection therewith, shall be filed in an original and 3 duplicate copies with the clerk of the Court of Appeal, and shall not be considered by the court or any judge of the court unless it is properly filed with the clerk."

**Application for Post-conviction Relief.** The applicant shall use the uniform application for post-conviction relief (see Appendix A). Inexcusable failure of the applicant to comply with this Rule may subject the applicant to dismissal of the application, or to other sanctions of the court."

Uniform Rule 4-2 provides: "The party, or counsel of record, intending to apply to the Court of Appeal for a writ shall give to the opposing parties or opposing counsel of record, notice of such intention; notice simultaneously shall be given to the judge whose ruling is at issue, by requesting a return date to be set by the judge as provided by Rule 4-3."

Uniform Rule 4-3 provides: "The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court. The return date in civil cases shall not exceed 30 days from the date of notice, as provided in La. C.C.P. art. 1914. In criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue. When the judge orders the ruling to be reduced to writing in criminal cases, the return date shall not exceed 30 days from the date the ruling is signed. In all cases, the judge shall set an explicit return date; an appellate court will not infer a return date from the record.

Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the

C.Cr.P. art. 912.1. [*State v. Willis*, KH 04-00471 (La. App. 3d Cir. 4/30/2004); see Doc. 7, p. 17].

In declining to review these claims, the Court of Appeals expressly relied on the petitioner's failure to follow a state procedural rule. It appears that the failure to comply with the requirements of the Uniform Rules is a valid ground for a refusal to consider the application or even for the denial of a writ application. *State v. Martin*, 487 So.2d 1295, 1297 (La. App. 3 Cir.1986).[9] Under the doctrine of procedural default, it is presumed that a court's express reliance on a procedural rule to deny review functions as an independent and adequate ground in

---

filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the appellate court."

Rule 4-5 provides: "The original application for writs shall be signed by the applicant or counsel of record, and shall contain an affidavit verifying the allegations of the application and certifying that a copy has been delivered or mailed to the respondent judge and to opposing counsel, and to any opposing party not represented by counsel. The affidavit shall list all parties and all counsel, indicating the parties each represents. The affidavit also shall list the addresses and telephone numbers (if available) of the respondent judge, opposing counsel and any opposing party not represented by counsel. The original and duplicate shall have the pages of the application and attached documents and exhibits consecutively numbered and shall contain these items:
(a) an index of all items contained therein;
(b) a concise statement of the grounds on which the jurisdiction of the court is invoked;
(c) a concise statement of the case;
(d) the issues and questions of law presented for determination by the court;
(e) the assignments or specifications of errors and a memorandum in support of the application, in accordance with Rules 2-12.2 and 2-12.10, and a prayer for relief;
(f) a copy of the judgment, order, or ruling complained of (if by written judgment, order, or ruling);

(g) a copy of the judge's reasons for judgment, order, or ruling (if written);
(h) a copy of each pleading on which the judgment, order, or ruling was founded;
(i) a copy of pertinent court minutes; and
(j) the notice of intent and return date order required by Rules 4-2 and 4-3..."

[9] As noted further by the court, "The Louisiana Supreme Court has recognized that the prior failure of the applicant for a writ of review to comply with court rules, requiring pleadings and other documents to be annexed to the writ application, will not justify the dismissal of a writ <u>after it has been issued</u>. See *Wischer v. Madison Realty Company*, 242 La. 334, 136 So.2d 62 (1961); *Britt v. Merritt*, 219 La. 333, 53 So.2d 121 (1951); *Davies v. Consolidated Underwriters*, 199 La. 459, 6 So.2d 351 (1942); *Laurent v. Unity Industrial Life Ins. Co.*, 189 La. 426, 179 So. 586 (1938); *Hatten v. Haynes*, 175 La. 743, 144 So. 483 (1932); *Pipes v. Gallman*, 174 La. 265, 140 So. 43 (1932)." *State v. Martin*, 487 So.2d at 1297 (emphasis supplied). The converse logically would apply, that is – the failure of a writ applicant to comply with court rules will justify the dismissal of a writ application before it has been issued.

support of the judgment. *Sones*, 61 F.3d at 416. Petitioner has not rebutted this presumption. Therefore, this court finds that the remaining claims are procedurally defaulted and thus barred from review in federal court.

**II.     Avoiding the Bar of Procedural Default**

When a state prisoner has defaulted on his federal claims in the state courts pursuant to an independent and adequate state procedural rule, he can avoid the bar of procedural default only if he can show (1) a miscarriage of justice exists (i.e. actual innocence), *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or (2) "cause for the noncompliance" with state law and "actual prejudice resulting from the alleged constitutional violation." *Coleman*, 501 U.S. at 750 (*quoting, Wainwright v. Sykes*, 433 U.S. 74, 84, 97 S.Ct 2497, 2505, 53 L.Ed. 2d 594 (1972)).

In order for a *habeas* petitioner to avoid a procedural bar by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 478. *Corwin v. Johnson* 150 F.3d 467, 473 (5th Cir. 1998); *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime of which he has been convicted. *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999); *Corwin*, 150 F.3d at 473; *Ward*, 53 F.3d at 108.

Furthermore, in order for a *habeas* petitioner to avoid procedural bar by showing cause and prejudice, the petitioner must show that "some objective factor external to the defense" prevented the petitioner from properly raising the claim in state court. *McClesky v. Zant*, 499

U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting, *Murray*, 477 U.S. at 488).

A defendant may show "cause" by proving ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution. See *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). However, "[i]n addition to cause, [he] must show actual prejudice to overcome the procedural bar." *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, <u>but for</u> the error, he might not have been convicted." *Id.* (emphasis supplied); See also *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003).

Following the initial review of petitioner's claims, this court advised petitioner that his claims appeared to be procedurally defaulted in state court. Petitioner was directed to "demonstrate that federal *habeas* review of [his] claims" was not barred by the procedural default doctrine. Petitioner was directed to provide "facts demonstrating cause and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in petitioner's case." [Doc. 2, p. 8]**.** However, Petitioner has failed to respond to the court's order.

Because petitioner has failed to demonstrate either (1) that the failure to consider the claims raised herein will result in a fundamental miscarriage of justice or (2) cause for his default and actual prejudice therefrom, the undersigned concludes that petitioner's claims are procedurally barred from *habeas* review.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that the instant petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as procedurally defaulted.

13

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of March, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE